## Perrin *v.* Wells et al., Appellant.

*Landlord and tenant—Rent—Distress—Trespass.*

If a landlord permits a tenant to sublet the demised premises, and agrees that the tenant's personal property shall not be distrained for rent, he will be a trespasser if he afterwards distrains.

In such a case if there is a conflict of testimony as to whether the landlord made such an agreement, it is proper to submit the question to the jury.

*Evidence—Testimony taken at former trial—Witness.*

Where a husband testifies that his wife is too ill to attend court, her testimony taken at a former trial of the case may be admitted.

Argued April 12, 1893.   Appeal, No. 117, Jan. T., 1893, by defendants, John C. Wells and Charles Shovlin, from judgment of C. P. Luzerne Co., Dec. T., 1889, No. 116, on verdict for plaintiff, J. J. Perrin.   Before Sterrett, C. J., Green, Williams, McCollum and Thompson, JJ.

Trespass for wrongful distress.

At the trial, before Rice, P. J., it appeared that plaintiff was, in 1889, a tenant of J. C. Wells.   Desiring to move west, he obtained permission from his landlord to sublet the demised premises to H. W. Harris.   Plaintiff claimed that defendant Wells agreed that he would not distrain upon the household furniture which plaintiff left on the premises.

Plaintiff testified as follows : " Q. Then what occurred between you and Mr. Wells?   A. When my wife and Harris's wife talked the matter over and got my consent to it, I had to go down and see Mr. Wells, as I read enough of the lease at the time to find out that I had to get permission to sublet. I went down and seen Mr. Wells, told him I was going away and that I had an opportunity to rent the house and possibly a tenant for him for the future; wanted to know whether he would allow me for to do it.   He said if I would become responsible for the rent up to the expiration of my lease.   I told him I certainly would, as I was responsible, anyhow, will have to pay it, anyhow.   So I became responsible.   Then he said it was all satisfactory, that I should rent the place to him.   Then I told him, I says : 'Now, I am going away and will be away, and if this man has my furniture five or six months, as I am not here and don't know anything about it, I want to know how it will be in case he don't pay his rent, as he has nothing in the house.   He said there would be nothing done.'   'I could not and I would not do anything, anyhow.'   Q. With what? A. With my furniture.   Then I told him, I says, ' Then it is all satisfactory.   I won't draw up any lease at all with this man Harris.'   So I just turned over the key shortly afterwards."

Wells denied that any such agreement was made.

Plaintiff testified that owing to the illness of his wife she could not be present in court, and offered her testimony taken at a former trial.   Objected to.   Objection overruled, and exception. [15]

The court charged in part as follows:

" [We agree also that, if, when these goods were put or left in the possession of Harris, there was an agreement between the plaintiff and the defendant that they should not be held liable or taken for Harris's rent, there could be no waiver of appraisement implied from a written contract contained in the lease as being applicable to the facts of this case.] [1] . . . .

" [This presents a very important question of fact to be decided by the jury. It is alleged by the plaintiff that there was an agreement between him and the defendant that in case Harris did not pay the rent, the defendant would not take the plaintiff's goods in satisfaction of the rent. The defendant denies that such an agreement was made, and upon the one side and the other certain circumstances have been called to your attention tending to corroborate the respective parties in their allegations upon this subject. You are to decide the question, was that agreement made or was it not?] " [2]

Plaintiff's points were, among others, as follows:

" 3. That if the jury believe that Wells agreed with Perrin when his goods were left with Harris, that these goods were not to be levied upon for the rent of Harris, that agreement would be binding upon Mr. Wells, and he would have no legal right to levy upon Perrin's goods for the rent of Harris. " Affirmed. [4]

" 7. The amount the plaintiff would be entitled to recover would be the fair value of the goods at the time of their taking, in July, 1889, by the defendants, with interest on that sum to date. *Answer:* That is a correct statement of the measure of damages, provided you find under the law and the testimony the plaintiff is entitled to recover." [5]

Defendant's points were, among others, as follows:

" 1. That if the jury find from all the evidence that the goods were in the possession of H. W. Harris and the right of possession in him at the time of the seizure, no right of action accrued in the plaintiff for such seizure." Refused. [6]

" 2. That the goods were liable to be distrained for the rent in arrears. *Answer:* We affirm that point with this qualification: They were liable to be distrained for the rent in arrear unless you find that there was an agreement between the plaintiff and the defendant, at the time they were left in the

possession of Harris, that they should not be taken for Harris' rent." [7]

"4. That the alleged agreement whereby Wells agreed not to hold Perrin's goods in case Harris defaulted in the rent is without consideration and as waiving a legal remedy is void." Refused. [8]

"5. That said alleged agreement as matter of law referred only to the unexpired term of Perrin's lease." Refused. [9]

"5½. That the plaintiff cannot recover in this action for violation of such an agreement." Refused. [10]

"5¾. That the plaintiff, having notice of the distress, his remedy, under his alleged agreement that defendants should not sell his goods for Harris's rent, was by replevin." Refused. [11]

"6. That if the defendants leased to Harris at the instance and special request of plaintiff for the purpose of enabling plaintiff to sublet the premises and lease his own household goods, plaintiff is not a stranger, but is a party to the whole transaction and is bound by the terms of the Harris lease. *Answer:* We affirm that point with the qualification—provided you find there was no agreement between plaintiff and the defendant as to his goods being held for the rent which Harris failed to pay." [12]

"7. That the defendants having shown affirmatively that they have complied with all the requirements of the law in levying the distress and making sale of the goods, excepting only such requirements which plaintiff himself waived—the plaintiff cannot recover. *Answer:* We cannot charge as requested in that point, because it involves disputed questions of fact to which we have called your attention." [13]

8. Request for binding instruction.   Refused. [14]

Verdict and judgment for plaintiff.   Defendants appealed.

*Errors assigned* were (1–14) instructions, quoting them; (15) ruling on evidence, but not quoting the bill of exception or evidence.

*Edmund G. Butler, Harris B. Hamlin* with him, for appellants, cited McInroy v. Dyer, 47 Pa. 118.

*Q. A. Gates*, for appellee cited: Taylor on Landlord and Tenant, § 590; Jackson & Gross on Landlord and Tenant, § 1417; Horsford v. Webster, 1 C. M. & R. 696; Beltzhoover v. Waltman, 1 W. & S. 416.

PER CURIAM, May 1, 1893:

Aided by the able argument of the learned counsel for appellants, we have examined this record, with special reference to the several assignments of error, and have reached the conclusion that there is nothing in either of them that would justify a reversal of the judgment. The case hinged on the alleged agreement referred to in that part of the learned judge's charge, recited in the second specification, wherein he says: "This presents a very important question of fact to be decided by the jury. It is alleged by the plaintiff that there was an agreement between him and the defendant that, in case Harris did not pay the rent, the defendant would not take plaintiff's goods in satisfaction of the rent. The defendant denies that such an agreement was made, and, upon the one side and the other, certain circumstances have been called to your attention, tending to corroborate the respective parties in their allegations upon this subject. You are to decide the question,—was that agreement made or was it not?"

The submission of this question was warranted by the evidence, and the verdict for plaintiff necessarily implies that the fact was found by the jury against the defendant. The second and other specifications involving substantially the same question are not sustained.

It follows that there was no error in submitting the question of damages to the jury; nor is there any error in the instructions as to the measure of damages.

In the circumstances, there was no error in admitting in evidence the testimony of Mrs. Perrin, given at the previous trial.

Neither of the specifications of error is sustained.

Judgment affirmed.