Commonwealth *v.* McFeaters, Appellant.

Argued October 6, 1930.

TREX-LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*L. R. Rickard,* for appellant, cited: Commonwealth v. Evans, 45 Pa. Superior Ct. 174.

*Leo H. McKay,* for appellee, cited: Commonwealth v. Ruffner, 28 Pa. 259; Commonwealth v. Bateman, 92 Pa. Superior Ct. 53.

OPINION BY BALDRIGE, J., November 20, 1930:

The defendant was indicted and convicted of fornication and bastardy.

It appears from the Commonwealth's evidence that a fifteen-year-old girl died in childbirth on the 26th of April, 1928; that in June of 1927, the defendant took her for a ride in an automobile and remained out all night; again, in the evening of the 26th of July, the defendant and the deceased girl, with some other companions, went for an automobile ride out in the country. The car was stopped near a school house to repair a tire and the defendant and deceased girl left the other members of the party and disappeared in the darkness. About a half hour later, after being called two or three times, the girl, with her hair in a disheveled condition, and the defendant returned. Defendant admitted to two other men the following March that he had had sexual intercourse with the deceased girl on both occasions to which we have referred. The mother of the girl testified that her daughter had not kept company with any other men, and her testimony was not successfully contradicted.

The defendant's assignments of error relate principally to (a) the admission of the testimony of Edith Dunlap given at a former trial, and (b) that there could be no conviction as there was no accusation of paternity made by the mother of the child.

The Commonwealth proved that the constable attempted to serve a subpoena on Edith Dunlap about a week prior to the trial but that he was unable to do so as she was sick in bed and that he had gotten in touch with her physician just before taking the witness stand and was informed by him that she was bedfast and

unable to be present in court. An objection was made to the admission of her testimony taken at a former trial for the reason that the Commonwealth had not shown "that it is impossible to have the witness present in the court at this time."

The defendant now contends that the testimony of the constable as to the witness' inability to attend the trial was hearsay and should have been rejected. But the defendant did not specifically object to it on that ground, as he was required to do, and, therefore, he is not in a position to complain. If the witness was too ill to be present in court, the notes of testimony taken at a former trial were admissible under the Act of May 23, 1887, P. L. 158, Sect. 3: Perrin v. Wells, 155 Pa. 299. It would have been advisable to have called the attending physician to prove the gravity of Miss Dunlap's illness, but the question of the sufficiency of the preliminary proof of the inability of a witness to attend court is largely a matter of discretion with the lower court: Com. v. DiNatale et al., 93 Pa. Superior Ct. 508. On the record we have before us, we cannot say that there was an error in admitting this testimony. Furthermore, we agree with the conclusion of the lower court that the testimony of Miss Dunlap did not sufficiently relate to the charge against the defendant as to do him harm.

The appellant's next position is that under the Act of March 31, 1860, P. L. 382, an essential proof of bastardy is an accusation of paternity made by the mother. This act provides that "any single or unmarried woman having a child born of her body, same shall be sufficient to convict such single or unmarried woman of fornication; and a man by such woman charged to be the father of such bastard child, shall be the reputed father, and she persisting in said charge, in time of her extremity of labor, or afterwards, in open court, upon the trial of such person so charged,

same shall be given in evidence, in order to convict such person of fornication ......''

Notwithstanding that the charge is fornication and bastardy, the essential fact which constitutes the crime is fornication, and bastardy is a further aggravation of that offense; it is but a resulting incident: Gorman v. Com., 124 Pa. 536; Com. v. Lewis, 140 Pa. 561; Com. v. Evans, 45 Pa. Superior Ct. 174.

The Act of 1860 is substantially a reenactment of the Act of 1705, 1 Smith Laws 27. Its purpose is not to limit the evidence to a charge made by the mother of the child, but to enlarge the scope of testimony that is admissible against the defendant. This offense, like any other criminal charge, requires only competent and convincing evidence. From the very nature of the crime, it is obvious that direct evidence of the unlawful act of fornication is oftentimes not obtainable, and circumstantial evidence is admissible, as in other crimes, so far as it tends to throw light upon the guilt or the innocence of the accused. All that is required is that the circumstances must be such as will lead a reasonable and conscientious man to the conclusion, beyond a reasonable doubt, that the alleged act was committed. If the testimony of the girl, with whom illicit relations were had, is not obtainable, owing to death, mental unsoundness, or other sufficient causes, and other competent testimony proving guilt is produced, the defendant may not escape punishment under the law.

From the actions of this defendant and the dead girl on the night of July 26, 1927, together with his admission, which applies with some full force, as in other crimes, and the birth of the child at the natural time after the alleged conception, the jury was justified in finding the defendant guilty.

We find no merit in the assignment of error to the court's charge.

Upon examination of the whole case, we are of the opinion that the judgment and the sentence of the court should be, and hereby is, sustained.

The record is remitted to the court below and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which has not been performed.