Commonwealth *v.* Deysher, Appellant.

498

Argued March 11, 1940.

Before KELLER, P. J., CUNNINGHAM, BALD-
RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*D. M. Garrahan,* for appellant.

*E. G. Scoblionko,* with him *Joseph E. Gehringer,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., April 10, 1940:

The appellant in this case was convicted of statutory rape, fornication and bastardy and non-support of a minor child. From the sentence imposed he has taken this appeal.

At the beginning of the trial twelve jurors were called from the panel for challenge or acceptance and placed in the box. The appellant did not ask to examine the jurors on their voir dire or object to the manner of drawing the jury. When the jurors were in the box, the counsel for the defendant stated that he proposed to ask each one called whether or not he or she would be influenced by the fact "that there is a girl in the case." The court said that he would permit the jurors to be asked whether any of them would be thus prejudiced, but would not allow the question to be asked each juror individually and separately. That ruling was objected to and is the subject of the first assignment of error.

After the twelve jurors were placed in the box each side alternately peremptorily challenged or accepted a new juror as called. As additional jurors were called the court allowed him or her to be questioned and sustained a challenge for cause in the case of one juror who stated she would be prejudiced under the circumstances. A jury was thus selected before the defendant had exhausted all the challenges to which he was entitled. The court in its opinion states that the practice followed is the same that has prevailed in Lehigh County, except where one is charged with murder.

The Act of March 6, 1901, P. L. 16, as amended July

9, 1901, P. L. 629 (19 PS §811) provides, inter alia, that in cases of felonies, triable exclusively in courts of oyer and terminer and general jail delivery, all challenges shall be made and assigned by the Commonwealth and the defendant respectively when the jurors are called. If, as appellant contends, the practice followed was not in strict conformity with that statute he could have objected thereto.

The court in *Commonwealth v. Marion*, 232 Pa. 413, 81 A. 423, points out that the Act of 1901 is silent as to the examination and cross-examination of the jurors on their voir dire, and as to the order in which the examination should be made by the respective parties (p. 420) : "In many counties rules of court regulating these details of practice have been adopted, and frequently a method of procedure has been established by long continued custom, understood by all parties, which answers the same purpose. The practice is not uniform throughout the Commonwealth and frequently varies as to details."

It will be noticed that this defendant did not demand, and was not denied the right to examine the prospective jurors under oath, nor was he deprived of the right to challenge any juror. One may waive the right to examine a juror on his voir dire and if he does, complaint thereafter cannot be made that he did not exercise that privilege: *Commonwealth v. Ware*, 137 Pa. 465, 20 A. 806. In *Commonwealth v. Exler*, 61 Pa. Sup. Ct. 423, the defendant was charged with statutory rape and we held that it was proper practice to call twelve jurors into the box, examine them on their voir dire and make challenges as provided by the Act of 1901, supra, before they are sworn as jurors.

In *Commonwealth v. Brown*, 23 Pa. Sup. Ct. 470, 500, this court stated: "If an opportunity is afforded to exercise the right of peremptory challenge, and all that it implies, when the juror is called and brought face to face with the accused in the presence of the court, and

the right is not exercised it must be deemed to be waived; it cannot be held in reserve, arbitrarily, until a full jury is impaneled."

The trial courts have power to control the order and procedure of a trial so as to attain justice. If there is no statute violated or a defendant deprived of some right we do not disturb the procedure followed in the matter of obtaining the jury by a court below: *Commonwealth v. Exler,* supra. We cannot see that the defendant was harmed in any way by the procedure followed. That is shown by the fact that he did not exhaust all his peremptory challenges when the jury was sworn. We have no doubt that the trial judge would have permitted the defendant to examine any juror in the box if a doubt existed whether to accept or reject him or her. He had a full opportunity to ascertain if any juror was biased or was objectionable to him for any reason. See *Commonwealth v. Fry,* 198 Pa. 379, 48 A. 257; *Commonwealth v. Spahr,* 211 Pa. 542, 60 A. 1084. This conclusion is borne out by the following statement of the court in its opinion: "His [defendant's] counsel knew that it was the established custom of the Court to address the jurors generally and then to make special inquiry of those who might be suspected of prejudice or whose answer to the general question indicated its probable existence. This method of interrogation has been found uniformly successful in revealing prejudicial relationships or opinions." We find no merit to the appellant's first assignment of error.

The second assignment of error relates to an alleged conflict in the statements made on the witness stand by Claire Hardner, the young girl who was assaulted, as to whether the defendant put his hand on her mouth to prevent her from screaming before, at the time, or after the intercourse. When this question arose the court said that she did not testify, as defendant alleged, that the defendant had taken his hand away from her mouth after the intercourse, and refused a request that the

notes of testimony be examined, but told counsel he could call the jury's attention to his contention. That was a matter within the trial judge's discretion which was not abused.

While her testimony was not quite as clear on the question in dispute, as is desirable, there was in our judgment no serious conflict. In any event, it was not of vital importance in this case when the defendant had his hand on her mouth or whether he had it there at all. The defendant's counsel apparently did not regard this matter very seriously as he took no exception to the court's ruling or to his remarks. Nothing further need be said respecting this assignment.

The third assignment is to the court's sustaining an exception to the defendant's testifying concerning an alleged statement made by the father of the girl to the defendant and other members of his family of the father's intention to speak to other men about their having relations with his daughter. This obviously was hearsay evidence.

The fact that the alleged conversation was had with the father, the prosecutor in the case, did not make it admissible. Anyone who knows the facts of the case may prosecute: *Commonwealth v. Sitler*, 67 Pa. Sup. Ct. 1. When the father was on the stand he made no reference to any such conversation, and no attempt was made by defendant to elicit any information with regard thereto. No basis was laid for such an inquiry. Anything that the father said could not be construed as an admission upon the part of his daughter, who was the real party in interest. The alleged declaration by the father in the absence of his daughter was clearly not admissible, as it does not come within any of the exceptions to the well recognized hearsay rule. The trial judge was manifestly right in sustaining the objection. Neither *Commonwealth v. Stewart*, 110 Pa. Sup. Ct. 279, 168 A. 528, nor *Commonwealth v. Didomenico*, 131 Pa. Sup.

Ct. 113, 198 A. 909, cited by the appellant, is in conflict with this conclusion.

The final assignment relates to the court's refusing to strike out a physician's answer to counsel's question in cross-examination as to statement of paternity made to the witness by the girl. In direct examination the trial judge sustained exceptions to the physician's making any statements of paternity made by the girl prior to the time of her confinement and limited his testimony to her statements during her extremity of labor. See section 37 of the Act of March 31, 1860, P. L. 382 (18 PS §711). The defendant's counsel, on cross-examination, asked the doctor the date the girl had made this statement incriminating the defendant and he replied that the first time was in August. That was about six months previous to the birth of the child.

The appellant argues that the doctor's answer was not responsive to his inquiry. We think it was. The answer of the witness was largely due to the form of the questions put to him. The appellant, in such circumstances, has no just cause to complain that the court refused the motion to strike out the answer and instruct the jury to disregard it.

The judgment is affirmed. It is ordered that the defendant appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part thereof which he had not performed at the time this appeal was made a supersedeas.