## Commonwealth v. Turner

*Vincent G. Panati* and *Martin Vinikoor*, assistant district attorneys, for Commonwealth.

*Edward P. Rome* and *Walter Stein*, for defendant.

ALESSANDRONI, BOK and FLOOD, JJ., September 23, 1953.—This case is before the court on defendant's motion in arrest of judgment under the Act of June 15, 1951, P. L. 585, sec. 1, 19 PS §871, or in the alternative for a new trial.

Aaron Turner was convicted of murder in the first degree and the penalty was fixed at death by a jury at the conclusion of a two-day trial conducted on January 12 and 13, 1953. This was Turner's fourth trial on an indictment charging him with the murder of Frank Endres, who died on December 17, 1945, as the result of injuries inflicted on December 15, 1945. For the fourth time a jury convicted Turner of murder in the first degree fixing the penalty at death. However each of the previous convictions was set aside because of trial errors and new trials were granted.

1. Defendant's motion in arrest of judgment under the Act of June 15, 1951, P. L. 585, sec. 1, 19 PS §871, is denied. The only basis for such a motion in this case is that the court erred in admitting Lofton's testimony given at one of Turner's previous trials, and that without this testimony the evidence was insufficient to convict. The court admitted this testimony upon the motion of the Commonwealth after the witness Lofton refused to testify to anything but preliminary matters.

The Act of May 23, 1887, P. L. 138, sec. 3, 19 PS §582, provides that whenever any person has been examined as a witness, either for the Commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record and that defendant has been present and has had an opportunity to

examine or cross-examine, if such witness afterwards die, or be out of the jurisdiction so that he cannot be effectively served with a subpœna, or if he cannot be found, or if he become incompetent to testify for any legally sufficient reason, properly proven notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue. Defendant contends that this statute sets forth the exclusive conditions under which prior testimony can be properly admitted and that the statute must be strictly construed. However, it appears that the Act of 1887 is merely declaratory of the common law, and should be liberally construed so as to effect its object and to promote justice. The object of the statute is to make available, by the production of the notes of a former trial, testimony that for some reason is not otherwise accessible.

The statutory categories are not exclusive, or at least are not to be read literally. In Commonwealth v. McFeaters, 100 Pa. Superior Ct. 169 (1930), the Superior Court held that the notes of testimony of a previous trial were admissible where the witness was too ill to appear in court. The Act of 1887 does not expressly set up illness as a category under which the former testimony is to be admitted. In McClain v. Commonwealth, 99 Pa. 86 (1881), the court had held that the former testimony of an ill witness was inadmissible, pointing out that the witness was not under a permanent disability but could have appeared if the trial were postponed. It may be that the Superior Court in the McFeaters case, supra, felt that the Act of 1887, supra, had inferentially changed this rule. But it appears to us more likely that the McClain case must be considered to be limited to its facts. The hearing at which the previous testimony was given in the McClain case was a coroner's hearing, was not between the parties to the issue in which the evidence

was offered, no opportunity for cross-examination was had, the testimony was not taken down by the coroner nor under his supervision or direction, nor was it certified or returned by him with the inquisition. It was taken down by some person not clearly disclosed by the evidence. We conclude that under the Mc-Featers case, the indication is that the categories expressly set forth in the Act of 1887 are either not exclusive or are to be interpreted very broadly.

In Perrin v. Wells, 155 Pa. 299 (1893) testimony given by plaintiff's wife at a previous trial was held admissible at a subsequent trial because of her illness. The court did not refer to any statute although the Act of May 23, 1887, P. L. 158, sec. 9, 28 PS §327, with provisions identical with those of the statute we are considering, but referring to civil instead of criminal trials, was then in effect.

That notes of testimony taken at a former trial were admissible at common law under circumstances similar to those in the case before us is evidenced by Exleton v. State, 30 Okla. Crim. Rep. 224 (1925), 235 Pac. 627. In this case the Oklahoma court was faced with the question confronting us here. The witness answered preliminary questions only and refused to testify any further. The court admitted the witness' testimony given at a former trial stating that it had the right to admit it at common law and that the common law controlled that question in Oklahoma.

It has also been held that where a witness claims the privilege of self-incrimination, the notes of his testimony at a previous hearing may be read: Bridges v. State, 26 Ala. 1, 152 So. 54 (1933); Woodward v. State, 21 Ala. 417, 109 So. 119 (1926); State v. Hill, 143 Kan. 791, 57 P. 2d 49 (1936).

To decide that under the present facts the former testimony is inadmissible would make it possible for a witness who has been intimidated or bribed to

obstruct and defeat the administration of justice by his silence. Such a result should not be reached if it can be avoided without unfairness to defendant. If we had the converse situation, and the former testimony would tend to exculpate defendant, we cannot believe that it would be excluded. There is no better reason in logic or fairness why such testimony should be inadmissible when offered by the Commonwealth. The parties are identical and defendant is represented by the same counsel, who very ably cross-examined the witness at the third trial. The actual presence or absence of the witness in court is immaterial. The vital fact is the availability of the testimony. When Lofton was on the stand and refused to testify, even after being held in contempt of court, his testimony was not available and the notes of his prior testimony taken in open court, subject to confrontation and cross-examination are admissible.

2. However, a new trial must be granted because of the district attorney's statement, in the hearing of the jury, referring to Turner's three prior convictions. Clarence Lofton, when called to the stand to testify, proved to be a most reluctant witness, refusing to answer all but the preliminary questions. Thereafter, the following appears in the notes of testimony:

"Q. You testified against Treetop Turner three times didn't you?

"A. (No answer.)

"Q. And the testimony that you gave against him was the testimony that I said here today, isn't that right? Were you telling the truth or is this man innocent and you were lying and getting him into the jail and to the death house?

"A. Take it any way you wish. I told you I am not answering any more questions.

"Q. Was it the truth? Is Treetop Turner innocent?

You said he was guilty. This man was sentenced to the electric chair three times on your testimony.

"A. (No answer.)"

Defendant made a specific objection to the Commonwealth's remarks relating to the prior convictions but did not move for the withdrawal of a juror, even though the court asked him whether he was making such a motion. Upon the suggestion of the Commonwealth, the court agreed to admonish the jury to disregard the Commonwealth's reference to Turner's previous trials and convictions which was done in the charge to the jury.

The Commonwealth urges that the charge to the jury cured any error made by the district attorney in referring to Turner's other trials and that defendant's decision not to move for the withdrawal of a juror constituted a waiver of any error that may have been committed. The Commonwealth cites several cases in support of this position: Commonwealth v. Deni, 317 Pa. 289 (1935); Commonwealth v. Crittenton, 326 Pa. 25 (1937). These cases are clearly distinguishable. The remarks made in those cases were not so clearly prejudicial as those in the present case.

The remarks made in the present case were so prejudicial to defendant's right to a fair trial that the error could not be cured by the charge of the trial judge. We do not doubt that the remarks were made unintentionally by the district attorney during the heat of the trial but this fact does not purge the statement of its prejudicial taint. Once the statement was made, the court had no device at its disposal to render the proceedings free from prejudice so as to satisfy the requirement of due process. In view of this, we have no alternative but to award defendant Aaron Turner a new trial.

The motion in arrest of judgment is denied. The motion for a new trial is granted.