Commonwealth *v.* Hunscik, Appellant.

640

Argued November 15, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*James Gregg,* with him *Albert M. Nichols,* and *Portser, Gregg & Nichols,* for appellant.

*John K. Best,* Assistant District Attorney, with him *L. Alexander Sculco,* District Attorney, for appellee.

OPINION BY WRIGHT, J., December 28, 1956:

Joseph John Hunscik was indicted in the Court of Quarter Sessions of Westmoreland County on the charge of fornication and bastardy. At the trial the prosecutrix testified that the defendant had intercourse with her on several occasions, the last of which was September 25, 1954, the date of conception; that she did not have intercourse with any other man during that period of time; and that she was delivered of a

female child on July 12, 1955. The defendant did not testify. He called one witness, Dr. Walter W. Jetter, an eminent pathologist, who had made blood grouping tests which excluded the defendant as father of the child. Defendant presented points for charge requesting binding instructions which the trial judge refused. The jury returned a verdict of guilty. Motions in arrest of judgment and for a new trial were overruled. Sentence was imposed. The defendant has appealed.

Appellant advances two contentions, one of which was not raised in the court below, see *Commonwealth v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530. However, we will dispose of it briefly. Appellant argues that he is "entitled to an acquittal" for the reason that "the prosecutrix who made the information failed to persist in her charge, either in the extremity of labor or afterwards in Court". He relies upon Section 506 of The Penal Code, Act of June 24, 1939, P. L. 872, as amended, 18 P.S. 4506, which provides, inter alia: "Any man charged by an unmarried woman with being the father of her bastard child, shall be the reputed father and if she persists in the charge in the time of her extremity of labor, or afterwards in open Court, the same shall be given in evidence in order to convict such person of fornication". The purpose of this statutory language is to enlarge, not limit, the scope of the testimony: *Commonwealth v. McFeaters,* 100 Pa. Superior Ct. 169. It makes competent declarations which would, under the general rules of evidence, be inadmissible: *Commonwealth v. Losey,* 79 Pa. Superior Ct. 75. And see *Commonwealth v. Deysher,* 139 Pa. Superior Ct. 497, 12 A. 2d 492. In the case at bar, the information sworn to by the prosecutrix expressly charged that appellant was the father of the child, and her testimony in open court was intended to support that charge.

Appellant's principal contention is that, since he was excluded as the child's father by the blood grouping tests, the trial judge "must direct a verdict of not guilty". This contention is based upon the provisions of the Act of May 24, 1951, P. L. 402, 28 P.S. 306, which reads as follows: "In any proceeding to establish paternity, the court, on motion of the defendant, shall order the mother, her child and the defendant to submit to one or more blood grouping tests by a duly qualified physician to determine whether or not the defendant can be excluded as being the father of the child, and the results of such tests *may be received in evidence* but only in cases where definite exclusion of the defendant is established" (italics supplied).

The Act of 1951 has been before us in three cases. In *Commonwealth v. Dean,* 172 Pa. Superior Ct. 415, 94 A. 2d 59, which involved a prosecution for fornication and bastardy, we held that a petition for blood grouping tests, presented thirty-eight days after final judgment, came too late. In *Commonwealth ex rel. O'Brien v. O'Brien,* 182 Pa. Superior Ct. 584, 128 A. 2d 164, we held that the term "proceeding to establish paternity" does not include an action for the support of a minor child born during wedlock, hence the defendant in such an action cannot require blood grouping tests. In *Commonwealth v. Wright,* 178 Pa. Superior Ct. 181, 113 A. 2d 724, the defendant was charged with fornication and bastardy and blood grouping tests excluded him as father of the child. Following a verdict of guilty, the defendant moved in arrest of judgment and for a new trial. The court below dismissed the motion in arrest of judgment but granted a new trial. The six judges of this court who heard the argument being equally divided in opinion, the order of the court below granting a new trial was affirmed. The Supreme Court

allowed an allocatur but subsequently quashed the appeal on the ground that it was taken prior to sentence: *Commonwealth v. Wright*, 383 Pa. 532, 119 A. 2d 492. In his opinion, however, Mr. Justice ARNOLD made the following significant statement: "But the sufficiency of the evidence must be tested according to the Commonwealth's evidence. This amply sustained the charge and the court was without power to discharge the defendant".

The Act of 1951 does not accord to blood grouping tests the conclusive effect for which appellant contends. The statute merely provides that such tests "may be received in evidence". It is therefore entirely clear that the trial judge in the case at bar cannot be charged with error in refusing to give binding instructions, and that the action of the court en banc in overruling the motion in arrest of judgment must be affirmed.

On the other hand, we have concluded that a new trial should be granted in the interest of justice. In this connection we note that the testimony of the prosecutrix was not entirely satisfactory. This circumstance is not without significance in the light of the testimony of appellant's medical witness. Indeed the conviction was so questionable that, when he imposed sentence, the trial judge said: "The verdict was so clearly in the teeth of the evidence that the prosecutrix should have no benefit from it. It is also important that similar cases will not be permitted to be a source of revenue to a woman who deserves nothing by the verdict of the Jury".

Judgment reversed and new trial awarded.

ERVIN, J., would reverse and discharge the appellant.