Commonwealth *v.* Oliver, Appellant.

Argued June 11, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Benjamin Lerner,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*David L. Creskoff,* Assistant District Attorney, with him *James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, September 12, 1968:
Judgments of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
Appellant was found guilty by a jury of the crimes of burglary and rape on July 6, 1967. On February 9, 1968, appellant's motions for arrest of judgment and new trial were dismissed. He was sentenced to a term of not less than 10 nor more than 20 years on each bill of indictment, such terms to run concurrently. This appeal followed.

148

The sole question raised on appeal is whether the trial court erred in admitting the testimony of a juvenile co-defendant, taken at a juvenile hearing, when it was proven that the juvenile co-defendant was not available to testify at appellant's trial. Specifically, appellant alleges that the admission of this testimony was violative of his right of confrontation of witnesses guaranteed by the sixth amendment and was not within the purview of the Act of May 23, 1887, P. L. 158, §3, 19 P.S. 582.

To fully understand the substance of appellant's allegations, it is first necessary to review the factual background of the case. Appellant and three other persons allegedly forced the prosecutrix to have sexual intercourse against her will on January 1, 1967. After the alleged attack, the prosecutrix went to the police, and appellant was arrested shortly thereafter. A preliminary hearing was held on January 6, 1967, in the County Court of Philadelphia. The following colloquy occurred at that hearing:

"Mr. Bernsee [district attorney]: Your Honor, at this time this is a preliminary hearing as to Mr. Oliver. The Commonwealth rests, and asks you to hear the case concerning the other gentlemen—the juveniles.

. . .

"The Court: *The District Attorney has now concluded the preliminary hearing as to Mr. Oliver,* and he wants to now proceed with the juveniles. [Emphasis added]

. . .

"Mr. Cortese [counsel for Mr. Oliver]: Your Honor, I think that since allegedly everything happened here involves all of these defendants, and is supposed to have happened at the same time, I think that in the interest of Justice the defendant [Oliver] should be present at every moment of this proceeding.

"The Court: All right, as far as the preliminary hearing, he has been heard. However, if you want me to continue the evidence in this case in so that it may be used in regards to John Oliver, and give you a chance to cross-examination, I will do so. I realize this is a serious charge and I will do that at your request.

"Mr. Cortese: I so request.

"The Court: All right, we will hear what the juveniles have to say, and then you may want to ask some questions." [NT 61-63]

The Court then proceeded to hold a hearing for the juveniles who allegedly were accomplices of appellant. The first hearing concerned one Wilbert Herring, a juvenile co-defendant of appellant. In testifying on his own behalf, he denied participation in the crimes and stated that appellant had sexual relations with the prosecutrix. Mr. Cortese, appellant's counsel, cross-examined Herring, after he was cross-examined by the district attorney, as to the events that occurred and the parts played by appellant and Herring.

As a result of these hearings, Oliver was bound over to the Grand Jury, and Herring was declared a juvenile delinquent and sent to the Youth Study Center at Fort Mifflin, but escaped on March 8, 1967.

Appellant was indicted for the above crimes and his trial commenced on July 6, 1967. Herring had not been apprehended at the time of appellant's trial. The Commonwealth established that it was in no way responsible for Herring's escape and that it diligently tried to locate Herring prior to trial. Since all attempts to locate Herring proved fruitless, the Commonwealth introduced his testimony taken at the January 6, 1967 juvenile hearing at appellant's trial on July 6, 1967.

Appellant first contends that Herring's testimony could not be admitted under the Act of May 23, 1887, P. L. 158, §3, 19 P.S. 582. That Act provides:

"Whenever any person has been examined as a witness, either for the commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such witness . . . cannot be found . . . notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue; . . ." Appellant specifically argues that even though Herring could not be found, his testimony was inadmissible because appellant's trial was not a "subsequent trial of the same criminal issue."

The Commonwealth contends that since Herring had been a "witness" before a "court of record," and appellant in fact did "cross-examine" him, that testimony can be introduced at appellant's subsequent trial because the testimony dealt with the "same criminal issue," namely, a rape and burglary. A review of the cases decided under this Act, however, compels a different result.

The decisions interpreting this statute require that the same "parties" and "issues" must be involved in the prior proceedings before the testimony will be admissible at a subsequent proceeding.[1] For example, our Court has held that the notes of testimony of a witness who had been cross-examined at a prior trial of a defendant may be admitted at a later trial of the same defendant if the witness has become unavailable to testify. *Commonwealth v. McFeaters,* 100 Pa. Superior Ct. 169 (1930). Or, where a witness has testi-

---

[1] Other jurisdictions, which have a statute similar to the one in the instant case, also require that the same "parties" and "issues" be involved before testimony taken at a prior proceeding will be admissible. See, e.g., *State v. Gish,* 87 Ida. 341, 393 P. 2d 342 (1964) ; 23 C.J.S. Criminal Law §895 at 522-23; 31A C.J.S. Evidence §390 at 959.

fied at a preliminary hearing of a defendant and then dies, such testimony may be admitted at the subsequent trial if the defendant had an ample opportunity to cross-examine the witness at the hearing. *Commonwealth v. Ryhal*, 274 Pa. 401, 118 Atl. 358 (1922); *Commonwealth v. Miller*, 203 Pa. Superior Ct. 511, 201 A. 2d 256 (1964). On the other hand, however, where a prosecutrix has testified at a prior trial of defendants, her testimony is inadmissible at a subsequent trial of the same defendants on similar charges by another prosecutrix on the ground that the latter trial did not arise out of the same "criminal issue." *Commonwealth v. Rarer*, 1 Northumberland 76, 27 York 87 (1912).

The language of the Act, taken as a whole, also supports this interpretation. The phrase "whenever any person has been examined as a witness . . . and the defendant . . ." indicates that, the criminal proceeding, at which such testimony was taken, must be with reference to "the" defendant, at whose subsequent trial the witness' testimony is admitted into evidence. Succinctly, the witness must have testified either for or against the person who is later indicted and tried or re-tried for crimes arising out of the substance of the prior proceedings.

In the instant case, the same "parties" and "issues" were not involved in the proceedings held below. The testimony quoted above clearly denotes that Oliver's preliminary hearing was a separate and distinct proceeding from Herring's juvenile hearing. Oliver's hearing was held to determine if a prima facie case could be made out against him, and Herring did not testify at the hearing. Herring's hearing was a juvenile court hearing to determine delinquency and Herring testified in his own behalf at that hearing. Thus, although both persons were alleged to have committed

an act arising out of the same occurrence, their hearings dealt with separate and distinct "parties" and "issues." This being so, the lower court should have excluded Herring's testimony given at his juvenile hearing on the ground that appellant's trial was not a "subsequent trial of the same criminal issue."

The reason for precluding the introduction of testimony taken at a prior proceeding from a witness who has subsequently become unavailable to testify, when the same parties or issues are *not* involved, is that trial counsel will not have had an adequate and effective opportunity to examine that witness. In such cases, there are often strategical or practical reasons for not vigorously examining a witness, especially a co-defendant, at a prior proceeding. For example, defense counsel may not want to bring out facts which may be harmful to or reflect badly upon his own client. Furthermore, he may not know whether the witness will actually appear against the defendant, and, therefore, not attempt to examine him with regard to all the facets of the case at that time other than to elicit a factual background from which he may anticipate further testimony. And, when the testimony is taken at a proceeding in which the witness himself is the accused, there is the likelihood that his testimony would be of a substantially different character if it were given at the trial of another.

Thus, although Mr. Oliver's counsel had the opportunity to cross-examine Herring by the grace of the court, it is my view that such examination was not full, substantial, and meaningful in light of the realities of the situation. Accordingly, I would find that the naked opportunity to cross-examine Herring was illusory, and that since the parties and issues in each hearing was different, the testimony of Herring should not have been admitted at Oliver's trial.

It should also be noted that the statute here involved is an exception carved out of the sixth amendment, in that a defendant may be confronted with testimony of an unavailable witness where he has had the chance to cross-examine him under oath at a prior proceeding. The right of confrontation and cross-examination is an essential and fundamental requirement to a fair trial and is closely guarded. See *Pointer v. Texas,* 380 U.S. 400 (1965); *Barber v. Page,* 389 U.S. 819 (1968). We should, therefore, be loathe to extend the reach of this statute in light of the constitutional guarantees enunciated in *Pointer v. Texas,* supra, to areas hereinbefore not reached.

Appellant further contends that his constitutional right of confrontation was violated by the admission of the testimony. Since I would find that the testimony was improperly admitted under the above Act, I find it unnecessary to reach the constitutional allegation made in this case.

For the above reasons, I would reverse the judgment of sentence on bills Nos. 2260 and 2261, and remand the case with instructions to hold a new trial.

SPAULDING, J., joins in this dissenting opinion.