THE STATE v. JESS LANGLEY, Appellant.—116 S. W. (2d) 38.

Division Two, May 3, 1938.

448

*E. R. January* and *R. A. McIlrath* for appellant.

*Roy McKittrick,* Attorney General, and *Tyre W. Burton,* Assistant Attorney General, for respondent.

TIPTON, J.—This is an appeal from a judgment rendered by the Circuit Court of St. Francois County, Missouri, convicting appellant of statutory rape, and sentencing him to seven years' imprisonment in the State penitentiary. From the judgment of that court, appellant has duly appealed.

In the first assignment of error in his brief, appellant challenges the correctness of the ruling in not sustaining his challenge for cause, jurors John Ball and O. M. Williams. On their *voir dire* examination these two jurors stated that they were deputy sheriffs but that they were not active. We think the objection of appellant was well taken. There are many reasons why a deputy sheriff should be disqualified in a criminal case, especially where the sheriff is a witness for the State, as in the case at bar. In the first place, our State Constitution guarantees a defendant a trial by an impartial jury. [Sec. 22, Art. II.] "A deputy sheriff, under the circumstances, cannot be said to be impartial. It is obvious that he might be interested in a conviction because of the additional fees and prison board the sheriff might thereby collect. He might be interested because his own salary might, if so agreed, depend upon the number of convictions, as is often the case, in certain counties. His loyalty to his chief and fellow deputies would certainly have its weight. The likelihood exists that he had become conversant with the facts in the case, and was more or less convinced as to the guilt of defendant. Moreover, our statute exempts a deputy sheriff from jury service. [Sec. 8748, R. S. 1929.] Obviously such exemption exists because of the impropriety of officers acting as jurors in cases wherein they may be called upon to perform other and inconsistent duties. The sheriff and deputies are required to take an oath to select qualified jurors, and any deputy may be called upon to serve a jury summons. [Sec. 8750, R. S. 1929.]" [State v. Golubski (Mo. App.), 45 S. W. (2d) 873. See, also, Gaff v. State, 155 Ind. 277, 58 N. W. 74, 80 Am. St. Rep. 235.] The fact that these two jurors testified that they were not active deputies can make no difference. The sheriff had a right to call upon them to assist him at any time he saw fit. The court erred in overruling appellant's challenge.

The only other assignment of error in appellant's brief is that "the court admitted irrelevant and improper evidence of the prosecuting witness, evidence of extraneous offenses committed by Roy Rentfro not admissible against the defendant on any theory." This point is not before us for the reason that it was not called to the trial court's attention in appellant's motion for a new trial in detail and with particularity, as required by Section 3735, Revised Statutes 1929.

For the above errors, this cause should be reversed and remanded for a new trial. It is so ordered. All concur.