### 24919. CASH v. THE STATE.

DUCKWORTH, Chief Justice. The defendant was indicted, tried and convicted of murder and thereafter sentenced to life

imprisonment, the jury having recommended mercy. The appeal is from this judgment, based upon alleged errors in overruling the motion for new trial, as amended, the allowance in evidence of certain testimony and certain exhibits, in failing to charge the jury as to insanity, and in allowing persons disqualified as jurors to serve. *Held:*

1. Upon the arrival of police officers at the scene of the shooting, the defendant made certain incriminatory statements which the police officers were allowed to testify to over objection of counsel that the statements qualify under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), and should not be allowed in evidence as exculpatory statements made by the defendant when not under arrest, when the case is not in the investigatory state and when nobody has been accused. These statements were made freely and voluntarily. The Miranda case holds that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the accused unless it demonstrates a use of procedural safeguards effective to secure the privilege against self-incrimination. This is not the situation here since there was no interrogation, and the Miranda case is not controlling. These grounds of alleged error are without merit.

2. Photographs are admissible whenever relevant, and such evidence is not subject to an objection that it would inflame the minds of the jury. *Avery v. State*, 209 Ga. 116 (70 SE2d 716); *Toler v. State*, 213 Ga. 12 (96 SE2d 593); *Blount v. State*, 214 Ga. 433 (2) (105 SE2d 304). None of the enumerated errors complaining of the allowance in evidence of the photographs as prejudicial and calculated to inflame the jury is meritorious.

3. The court did not err in excluding hearsay testimony in regard to a trip to Florida made by the accused, which testimony was not shown to be an exception to the hearsay rule. Accordingly, the enumerated errors involving this hearsay testimony are without merit.

4. There being no evidence as to insanity, it would have been error for the court to have charged thereon. *Bland v. State*, 210 Ga. 100, 107 (8) (78 SE2d 51); *Roach v. State*, 221 Ga. 783 (1) (147 SE2d 299).

5. Complaint is made because a justice of the peace and a constable served on the jury. It is contended that *Code Ann.*

§ 59-112 (Ga. L. 1953, Nov. Sess., pp. 284, 286, 328; Ga. L. 1967, p. 725) bars them. It is not shown that they did not request in writing that their names be placed in the jury box as is provided for in the statute. There is no merit in this complaint.

6. Having considered every enumerated error argued by counsel we find no reversible error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 13, 1968—DECIDED NOVEMBER 21, 1968.

*Sanders, Mottola & Haugen, A. Burt Rutledge,* for appellant.

*E. W. Fleming, Solicitor General, Wright Lipford, Solicitor General Emeritus, Arthur K. Bolton, Attorney General, Marion O. Gordon, Mathew Robins, Assistant Attorneys General,* for appellee.