J-A29001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES DAVID SHRIVER, | |
| Appellant | No. 1361 WDA 2013 |

Appeal from the Judgment of Sentence entered April 1, 2013,
in the Court of Common Pleas of Greene County,
Criminal Division at No(s): CP-30-CR-0000039-2012;
CP-30-CR-0000060-2012; CP-30-CR-0000061;
CP-30-CR-0000103-2012; CP-30-CR-0000104-2012;
CP-30-CR-0000105-2012

BEFORE: DONOHUE, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY ALLEN, J.: **FILED NOVEMBER 07, 2014**

James David Shriver ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of multiple burglary and theft offenses. The trial court explained:

> [Appellant] was tried and convicted by a jury in six (6) cases joined by the Commonwealth, for various theft offenses. Prior to trial, [Appellant] attempted to enter a plea of guilty to all of the offenses. While [Appellant] appeared willing to enter a plea, he refused to admit that he had committed any of the crimes alleged. The Court refused to accept his plea, in part, because [Appellant] refused to admit to the underlying facts. [Appellant] proceeded to trial, and on January 14, 2013, [Appellant] was acquitted of [two counts of burglary]. [Appellant] was convicted of all remaining charges in all six (6) cases. On March 26, 2013, [Appellant] was sentenced to a combined period of state incarceration of 72 to 144 months.

*Retired Senior Judge assigned to Superior Court.

Trial Court Opinion, 11/13/13, at 1-2 (unnumbered).

On April 1, 2013, the trial court granted the Commonwealth's post-sentence motion and amended Appellant's judgment of sentence to reflect that Appellant "shall refrain from approaching or contacting or causing another from approaching or contacting co-defendant, Richard Vanpelt and his family or from engaging in threatening or retaliatory conduct against Richard Vanpelt and his family." On April 10, 2013, Appellant filed a post-sentence motion, which the trial court denied. Appellant filed a timely appeal. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents five issues for our review:

I.     DID THE [TRIAL] COURT ERR BY FINDING [APPELLANT] WAS NOT A CANDIDATE FOR REHABILITATION IN SENTENCING AS WELL AS WELL AS OTHER FACTORS WHICH WERE NOT SUPPORTED BY THE RECORD WHEN MAKING A DETERMINATION TO SENTENCE [APPELLANT] TOO HARSHLY?

II.    DID THE TRIAL COURT ERR BY NOT DISMISSING A JUROR WHO WAS SEEN HUGGING ONE OF THE VICTIM'S IN [APPELLANT'S] CASE IN THE HALL WAY [sic] OUTSIDE OF THE COURTROOM?

III.   DID THE JUDGE ERR BY NOT RECUSING HIMSELF WHEN A LOCAL MAGISTRATE WAS A BURGLARY VICTIM OF [APPELLANT]?

IV.    DID THE TRIAL COURT ERR BY NOT BY NOT [sic] GIVING CONSIDERATION IN SENTENCING THAT THE JURY ACQUITTED [APPELLANT] ON 2 SEPARATE COUNTS OF BURGLARY?

V.     DID THE [TRIAL] COURT ERR BY REFUSING TO ACCEPT THE APPELLANT'S GUILTY PLEA BECAUSE THE COURT FELT THAT APPELLANT MIGHT HAVE A DEFENSE.

Appellant's Brief at 15.

Appellant's first and fourth issues challenge the discretionary aspects of Appellant's sentence. Accordingly, we address these issues together.

This Court has summarized:

> Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his [or her] brief a concise statement of matters relied upon for allowance of appeal with respect to the discretionary aspects of his [or her] sentence. Pa.R.A.P. 2119(f). Second, he or she must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b)[.]
>
> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 611-12 (Pa. Super. 2005) (footnote and citations omitted).

In the present case, Appellant has failed to include in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). The Commonwealth objects to Appellant's failure to include a 2119(f) statement and argues that, as a result, Appellant has waived his sentencing claims. We agree.

This Court has held:

> [W]hen the appellant has not included a Rule 2119(f) statement and the appellee has not objected, this Court may ignore the omission and determine if there is a substantial question that the sentence imposed was not appropriate, or enforce the requirements of Pa.R.A.P. 2119(f) *sua sponte, i.e.,* deny allowance of appeal. However, this option is lost if the appellee objects to a 2119(f) omission. In such circumstances, this Court is precluded from reviewing the merits of the claim and the appeal must be denied.

*Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004); *See also*

*Commonwealth v. Robinson*, 931 A.2d 15, 22 (Pa. Super. 2007).

In the present case, Appellant has failed to include in his brief a statement pursuant to Pa.R.A.P. 2119(f), and the Commonwealth has objected to the omission. Accordingly, we may not review the merits of Appellant's appeal. *Kiesel*, *supra*.

In his second issue, Appellant explains that in the courthouse hallway during a trial recess, one of Appellant's victims recognized a juror as a high school classmate and greeted and hugged the juror. Appellant contends that the interaction raised "the question of impartiality" and thus warranted a mistrial, or "at the very least" the replacement of the juror with an alternate. Appellant's Brief at 33.

We recently affirmed a trial court's decision not to dismiss a juror during trial, explaining:

> [I]n *Commonwealth v. Hale*, 85 A.3d 570 (Pa.Super.2014) allowance of appeal granted on other ground, – –– A.3d –––– (Pa.2014) (filed July 2, 2014), this Court analyzed cases discussing the law regarding the dismissal of jurors for

- 4 -

cause. Therein, we noted that Pennsylvania courts have distinguished between situations where a juror is presumed biased and cannot be rehabilitated by questioning from the court, and those jurors who through questioning indicate that they can be fair and impartial. While **Hale** and the cases discussed therein involved juror challenges prior to trial, we find the discussion therein apt in light of Appellant's contention that the juror should have been presumed prejudiced.

The **Hale** Court quoted **Commonwealth v. Colon**, 223 Pa.Super. 202, 299 A.2d 326 (Pa.Super.1972), which set forth that

> challenges for cause should be granted: (1) when the potential juror has such a close relationship, be it familial, financial or situational, with parties, counsel, victims, or witnesses, that the court will presume the likelihood of prejudice; and (2) when the potential juror's likelihood of prejudice is exhibited by his conduct and answers to questions at [v]oir dire.

**Colon, supra** at 327 (footnote omitted).

In the first situation, our standard of review has been labeled by this Court as ordinary. **Colon, supra** at 327–328 ("In the former situation, the determination is practically one of law and as such is subject to ordinary review."); *but see* **Commonwealth v. Black**, 474 Pa. 47, 376 A.2d 627 (Pa.1977) (trial court's decision to discharge juror who was the sister of a defense witness evaluated under abuse of discretion standard); **Commonwealth v. Briggs**, 608 Pa. 430, 12 A.3d 291, 332–333 (Pa.2011) ("A trial court's decision regarding whether to disqualify a juror for cause is within its sound discretion and will not be reversed in the absence of a palpable abuse of discretion."). It is apparent that what this Court has meant by indicating that our standard of review is ordinary is that, as a matter of law, it is error to allow a juror to sit and take part in final deliberations when he or she has a close relationship to certain interested individuals involved in the case. It is nonetheless clear that where the relationship between the juror and a party, counsel, victim, or witness is not a close relationship, we evaluate a trial judge's decision to remove or not remove the juror under an abuse of discretion standard. **Colon, supra; see also Commonwealth v. Johnson**, 299

Pa.Super. 172, 445 A.2d 509, 512 (Pa.Super.1982); ***Commonwealth v. Lesko***, 609 Pa. 128, 15 A.3d 345, 413 (Pa.2011).

Instantly, the juror's conduct is at issue in determining potential prejudice. Accordingly, we decline to view the juror as *per se* prejudiced. … In this respect, where the trial court was satisfied by the juror's response that he or she could remain fair and the trial court has had the opportunity to view the juror in question, we do not lightly reconsider its decision.

***Commonwealth v. Pander***, ---A.3d---, 2014 WL 4628565 (Pa. Super. 2014) (footnote omitted).

Here, consistent with ***Pander***, the juror may not be assumed to be "*per se* prejudiced." Moreover, the trial court reasoned:

In the instant case, a juror reported that after using the restroom in the courthouse, she heard someone call her name. As the juror turned, one of the victims in this case said hello, and identified herself as a member of the same graduating class as the juror. The victim had changed her name after marriage. The victim asked how the juror was doing, and the juror answered. The conversation ended and the two hugged and departed the courthouse separately. While there was possibly some traffic from the upstairs courtroom in the hallway, no other jurors or participants in this case witnessed the event.

Upon notification of these events, the Court brought the victim and the juror into chambers separately and questioned them in the presence of counsel for both parties. Both the victim and the juror stated that they hug everybody, and that the last contact that they had with each other was thirty-seven (37) years ago at graduation. They were not friends in high school, and did not participate in any extracurricular activities together. The juror also stated that she was able to decide the case impartially, and that she did not discuss the facts of the case with anyone, including the victim. Both were instructed not to discuss the encounter with anyone.

After some discussion with counsel, Defense Counsel requested that the juror be excused and that the Court declare a mistrial. The Court determined that there was no basis for either

a mistrial or dismissal of the juror, as [Appellant] was not prejudiced by this incidental contact between people who had not known or contacted each other in thirty-seven (37) years.

Trial Court Opinion, 11/13/13, at 8-10 (unnumbered).

Given the foregoing, we discern no abuse of discretion by the trial court, such that this second issue is without merit.

In his third issue, Appellant asserts that the trial court should have recused from presiding over Appellant's trial. According to Appellant, one of the victims of the multiple crimes with which he was charged was "one of three [magisterial district judges] in Greene County[,]" and "[g]iven the small and interpersonal nature of Greene County, [the trial court] should have recused [itself] and brought in an outside Judge to preside over the trial." Appellant's Brief at 17.

"An appellate court presumes judges are fair and competent, and reviews the denial of a recusal motion for an abuse of discretion." *In re Lokuta*, 11 A.3d 427, 435 (Pa. 2011) (citations omitted). Nevertheless, "an appearance of impropriety is sufficient justification for the grant of new proceedings before another judge." *Id.* "A jurist's impartiality is called into question whenever there are factors or circumstances that may reasonably question the jurist's impartiality in the matter." *Id.* There is no need to find actual prejudice, but rather, the appearance of prejudice is sufficient to warrant the grant of new proceedings." *Id.*

Our Supreme Court has summarized the law and procedure when a party files a motion for recusal of the trial judge:

- 7 -

If a party questions the impartiality of a judge, the proper recourse is a motion for recusal, requesting that the judge make an independent, self-analysis of the ability to be impartial. If content with that inner examination, the judge must then decide whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This assessment is a personal and unreviewable decision that only the jurist can make. Once the decision is made, it is final.

This Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

*Commonwealth v. Whitmore*, 912 A.2d 827, 834 (Pa. 2006) (citations omitted).

Appellant did not file a pretrial motion for recusal. Nevertheless, in denying Appellant's post-sentence motion denying recusal, the trial court found the claim meritless, and explained:

[Appellant] makes bold assertions that the Court should have recused itself. The only reasons [Appellant] provides to support his assertion is that the presiding Judge and [the Magisterial District Judge Leroy Watson] are both elected officials in the same County, and that the sentence issued was excessive[.] The relationship between this Court and [Judge] Watson was never disclosed because this Court has no personal relationship with [Judge] Watson beyond incidental contact. This Court is not the President Judge and has no court administrative authority. Had Defense counsel inquired prior to, during or after either trial, this Court would have informed him of the same. However, no such inquiry was made. Certainly

- 8 -

[Appellant] is not alleging that the Court should recuse itself from any case simply because counsel can draw, in his own head and without mention to the Court, a pencil-thin connection between the job description of one of the victims. Even if [Appellant] had requested recusal based on the arguments in his brief, this Court would have denied the same.

Trial Court Opinion, 11/13/13, at 5.

Our review of the record supports the trial court's conclusions. Appellant's claim that he did not know of a reason for recusal until after the trial court sentenced him is inapt, as is his claim that he did not raise the claim before trial because "a claim of impartiality [sic] against the presiding Judge only serves as a hostile act against the person overseeing Appellant's case." Appellant's Brief at 36-37. Moreover, within his appellate brief, Appellant makes the same arguments regarding the excessiveness of his sentence that the trial court properly rejected when denying Appellant's post-sentence motion. Finally, we note that Appellant received the same sentence in each burglary conviction; although Judge Watson was one of the victims, Appellant's sentence for that burglary was no more severe than the others. Thus, for all of these reasons, Appellant's third issue fails.

In his final claim, Appellant asserts that the trial court erred by refusing to accept his guilty plea. According to Appellant:

On the eve of trial the Commonwealth and Appellant came to an agreement on a plea offer/recommendation. During Appellant[']s plea colloquy he told his version of the events as they happened and his involvement as well as admitting his guilt to the charges. The Court decided Appellant may have defenses to some of the cases and

> was not satisfied with Appellant[']s admission to involvement, and refused to accept Appellant's guilty plea.

Appellant's Brief at 40. Appellant argues that he cannot further address this issue in his brief because, although the trial court granted his request to have the pertinent proceedings transcribed, the "Court Reporters informed Appellant's Attorney some time later they could not locate this hearing recording, and therefore could not transcribe it." *See id.*

Initially, we note that although Appellant asserts that he has not been able to have the relevant hearing notes transcribed, he has not availed himself of the procedures provided to recreate the record. *See* Pa.R.A.P. 1923. In addition, a trial court is not bound to accept a criminal defendant's guilty plea, "may refuse to accept it," and "shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered." Pa.R.Crim.P. 590(A)(3). Here, the trial court noted that Appellant's inability to admit guilt during the oral colloquy vitiated Appellant's attempt to dispose of his multiple charges by pleading guilty. *See supra*.[1] Also, Appellant has raised this claim for the first time in his Pa.R.A.P. 1925(b) statement. He is thus inappropriately raising it for the first time on appeal. *See In re B.C.*, 36 A.3d 601, 605 (Pa. Super. 2012) (explaining that a Rule 1925(b) statement cannot be used to raise a claim

_____

[1] The proceedings regarding Appellant's attempt to enter a guilty plea do not appear as part of the trial transcript. *See* N.T., 10/11-12/12.

for the first time on appeal); Pa.R.A.P. 302(a). For the above reasons, Appellant's final claim does not entitle him to relief.

In sum, because Appellant claims are not preserved properly or are otherwise without merit, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2014