J-S12004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KELLIS A. THOMAS | |
| Appellant | No. 1613 MDA 2016 |

Appeal from the Judgment of Sentence March 1, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001142-2015

BEFORE: PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 10, 2017**

Appellant, Kellis A. Thomas, appeals from the judgment of sentence entered March 1, 2016, in the York County Court of Common Pleas. Appellant contends that the trial court erred by failing to remove a juror from the jury after information emerged during trial concerning a relationship between the juror and a party involved in the case. We affirm.

On June 24, 2014, Appellant was arrested following a controlled buy operation executed by a confidential informant working with several officers from the York County Drug Taskforce. One of the officers involved in the operation was Officer Jason Gracey ("Officer Gracey"), who assisted in searching the confidential informant's vehicle for contraband prior to the controlled buy. Following his arrest, Appellant was charged with

Manufacture, Delivery, or Possession with Intent to Manufacture or Deliver (cocaine)[1] and proceeded to a jury trial.

During the first day of trial, the Commonwealth's witness, Officer Adam Bruckhart ("Officer Bruckhart"), mentioned Officer Gracey's involvement in the investigation. At the close of Officer Bruckhart's testimony, the court adjourned for the day. The next day, the trial court informed the parties that:

> [y]esterday, after we excused the jurors, one of the jurors approached the TIP staff and indicated that the juror is distantly related to one of the police officers who was mentioned as taking part in the operation, not any of the officers who are going to be a witness. The officer's name was not mentioned during voir dire so there was no occasion for it to come up.

N.T., Trial, 1/13/16, at 157.

Defense counsel requested that the juror in question be removed from the case. The trial court brought the juror before counsel for both parties and the following examination occurred.

| THE COURT: | You're Juror Number 369; is that correct? |
|---|---|
| JUROR #369: | Yes. |
| THE COURT: | It was indicated to me yesterday after we excused everyone that you thought you were related to one of the police officers whose name was mentioned during the testimony; is that correct? |

_____

[1] 35 P.S. § 780-113(a)(30).

- 2 -

JUROR #369:        Yes.

THE COURT:         What's the police officer's name.

JUROR #369:        Officer Gracey.

THE COURT:         Okay. And what's your relationship to him.

JUROR #369:        He's actually my husband's cousin's husband.

THE COURT:         Okay. The fact that there might that relationship – he's not going to be testifying as a witness; is that correct, [A.D.A.]?

A.D.A:             That's correct.

THE COURT:         The fact that there might be that relationship, would that interfere with your ability to be fair and impartial in this case?

JUROR #369:        No.

THE COURT:         All right. One of the issues of course the defense is raising is that the police officers didn't properly do their job during the course of the investigation. Do you think that – knowing that that may be a possible defense, would that interfere with your ability to be fair and impartial in this case?

JUROR #369:        No.

THE COURT:         All right. [A.D.A.], any questions?

A.D.A.             No, Your Honor.

THE COURT:         All right. [Defense counsel], do you have any questions?

DEFENSE COUNSEL:        No, Your Honor.

THE COURT:             Okay, thank you. You may return to the juror room.

(Whereupon Juror #369 left the courtroom)

THE COURT:             All right. Anything from counsel?

A.D.A.:                No, Your Honor.

THE COURT:             [Defense counsel], anything with the juror?

DEFENSE COUNSEL:        Nothing additional, Your Honor.

THE COURT:             Okay. All right. Well, if you're still asking that the  juror be removed, I'll deny that request.

*Id*., at 159-162.

Following the completion of testimony and closing arguments, the jury convicted Appellant. On March 1, 2016, Appellant was sentenced to thirty-three months' to six years' imprisonment. Appellant filed timely post-sentence motions, which the trial court denied. This timely appeal follows.[2]

On appeal, Appellant's sole contention is that the trial court erred by failing to declare a mistrial after Juror #369 realized that there was a familial relationship with a party involved in Appellant's police investigation. **See**

---

[2] We dismissed Appellant's original appeal on August 12, 2016, due to counsel's failure to file a docketing statement. However, Appellant filed a petition to reinstate his appellate rights, which the trial court granted on August 31, 2016. Appellant then filed a timely notice of appeal to this court and complied with the trial court's concise statement order.

Appellant's Brief, at 4, 10.[3] Appellant alleges that there is a presumed bias when a juror reveals a familial or other close relationship with a litigant, counsel, victim, or witness, and that the trial court's inquiry into Juror #369's relationship with Officer Gracey was insufficient to overcome the presumption. *See id*., at 10. Due to the trial court's actions, Appellant contends that he was denied a fair and impartial trial and that his Sixth Amendment rights were violated, as well as his Article 1, § 9 rights under the Pennsylvania Constitution. *See id*.

The Commonwealth responds that the relationship between the juror and Officer Gracey was not close enough for the presumption of bias to apply. *See* Commonwealth's Brief, at 14. It highlights the fact that, during *voir dire*, Juror #369 did not respond affirmatively when asked if any member of the jury pool had a close relationship with a police officer. *See id*., at 15; *see also* N.T., *Voir Dire*, 1/12/16, at 30 ("Again, I'm looking for a close relation, someone you interact with at least monthly or so.") Therefore, the Commonwealth argues that the trial court was only required to ascertain that Juror #369 would be an impartial juror, and as Juror #369 claimed to be impartial, the trial court did not err by failing to remove the juror. *See id*., at 17.

_____

[3] Appellant notes that, in a different setting, the correct action for the trial court to take would have been to remove the juror from the jury panel and replace that juror with an alternate. However, as there were no alternates selected to serve on the jury, Appellant contends that the only appropriate remedy for the trial court to take was to declare a mistrial.

A criminal defendant's right to an impartial jury is explicitly granted by Article 1, Section 9 of the Pennsylvania Constitution and the Sixth Amendment to the United States Constitution. The jury selection process is crucial to the preservation of that right. The sole purpose of examination of jurors under *voir dire* is to secure a competent, fair, impartial and unprejudiced jury. It is therefore appropriate to use such an examination to disclose fixed opinions or to expose other reasons for disqualification.

*Commonwealth v. Kelly*, 134 A.3d 59, 61 (Pa. Super. 2016) (internal citations omitted).

There are two situations in which an attorney's challenge for cause should be sustained and a juror disqualified:

(1) when the potential juror has such a close relationship, be it familial, financial or situational, with parties, counsel, victims, or witnesses, that the court will presume the likelihood of prejudice; and (2) when the potential juror's likelihood of prejudice is exhibited by his conduct and answers to questions at [v]oir dire.

*Commonwealth v. Colon*, 299 A.2d 326, 327 (Pa. Super. 1972) (footnotes omitted).

In the first situation, our standard of review has been declared to be "ordinary." *See id*., at 327-28. By announcing an "ordinary" standard of review, we have found, as a matter of law, it is reversible error to allow a juror to take part in juror deliberations when he or she has a close relationship with the parties, counsel, victims, or witnesses involved in the case. *See id*. However, when the relationship between the juror and a party, counsel, victim, or witness is not a close relationship, we employ only an abuse of discretion standard when evaluating a trial judge's decision to

remove or not remove a juror. *See id*. *See also Commonwealth v. Colson*, 490 A.2d 811, 818 (Pa. 1985), *abrogated on other grounds by Commonwealth v. Burke*, 781 A.2d 1136 (Pa. 2001) ("The decision on whether to disqualify is within the discretion of the trial court and will not be reversed in the absence of a palpable abuse of discretion[.]")

Here, our standard of review hinges on whether Juror #369 had such a close relationship with Officer Gracey that the juror should have been presumed biased. Our Supreme Court has previously evaluated a series of cases in which juror relationships to the case did not mandate a presumption of bias and juror removal.

> A remote relationship to an involved party is not a basis for disqualification where a prospective juror indicated during *voir dire* that he or she will not be prejudiced. This is illustrated by a number of cases. One of these is *Commonwealth ex rel. Fletcher v. Cavell*, 395 Pa. 134, 149 A.2d 434 (1959). That case involved challenges to two prospective jurors in a murder trial. One of them was the son-in-law of the detective who investigated the crime. The other was the second cousin once removed to the victim. She testified that she and the victim lived twenty-five miles apart and never visited each other. We found no error in not disqualifying these jurors. In *Commonwealth v. Yohn*, 271 Pa. Super. 537, 414 A.2d 383 (1979), the court upheld the refusal to disqualify two jurors in a burglary case. One of them had been employed by the victim three or four years before the crime. The other had gone on a fishing trip six to eight years before the trial with a police officer who was the superior of the prosecuting officer. No basis for a challenge for cause of a prospective juror was found in *Commonwealth v. Bright*, 279 Pa. Super. 1, 420 A.2d 714 (1980), a prosecution for assault and resisting arrest, where the juror lived in the same neighborhood as the prosecuting attorney and had known him since he was a child. There was likewise no ground for challenging a prospective juror in a theft and receiving stolen goods prosecution where she was somehow related to the police

> prosecutor (the record did not disclose how) and was the aunt of a member of the district attorney's staff who was not trying the case. ***Commonwealth v. Stamm***, 286 Pa.Super. 409, 429 A.2d 4 (1981).

***Colson***, 490 A.2d at 818-19. Additionally, the Court in ***Colson*** found that a juror's relationship to a case, *i.e.*, knowing the mother of the murder victim, knowing a witness who discovered the victim's van, knowing the wife of the prosecuting police officer, and teaching the victim's son in school, were not grounds for a presumption of prejudice where none of the juror's relationships were close. ***See id***.

Initially, we admonish both the trial court and defense counsel for failing to explore the exact nature of the relationship between Juror #369 and Officer Gracey once Juror #369 discovered her relationship to a party involved with the case. However, as the Commonwealth suggested, we can discern the nature of the relationship from the fact that Juror #369 indicated during *voir dire* that she did not have a close relationship, *i.e.*, at least monthly contact, with any police officer. As Juror #369 clearly knew that her husband's cousin's husband was a police officer, it logically follows that her response during *voir dire* applied to Officer Gracey, and that therefore, she does not consider her relationship with Officer Gracey to be a close relationship.

We find Juror #369's relationship to Officer Gracey to be most analogous to the relationship between the relationship between the juror and the police prosecutor in ***Stamm***. There, we found that the fact that a juror was somehow related to the police prosecutor on the case was

insufficient for a *per se* presumption of bias. **See** 429 A.2d at 7. Here, the record indicates that even though there is a familial relationship between Juror #369 and Officer Gracey, that relationship is not considered to be a close one by Juror #369.

As the relationship between Juror #369 and Officer Gracey was not a close relationship, the *per se* standard governing striking a juror for cause does not apply. Thus, we must analyze the purported conflict under an abuse of discretion standard. **See Colson**, 490 A.2d at 818. Because the abuse of discretion standard does not require a presumption of bias, and Juror #369 indicated multiple times that her relationship with a party to the case would not influence her decision and that she could be impartial, we cannot find that the trial court abused its discretion in refusing to declare a mistrial.

Judgement of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2017