J-S29028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS E. RAY | : | |
| | : | |
| Appellant | : | No. 1546 WDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Fayette County Criminal
Division at No(s):  CP-26-CR-0001099-2024

BEFORE:  NICHOLS, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:               **FILED: October 7, 2025**

Thomas E. Ray ("Ray") appeals from the judgment of sentence following his conviction of criminal trespass as a felony of the third degree.[1]  Because Ray's claims of insufficient evidence to support his conviction and error in denying a motion to strike a juror for cause are either waived or do not merit relief, we affirm.

We take the underlying facts and procedural history in this matter from the certified record.  On September 23, 2023, T.J. ("the victim") was asleep in her home when she awoke at 3:00 a.m. to find Ray, her ex-partner, standing over her.  **See** N.T., 12/3/24, at 19-20.  The victim had locked the doors and windows before going to sleep and had not given Ray permission to enter her home.  **See id**. at 22.  The victim was experiencing the effects of

---

[1] **See** 18 Pa.C.S.A. § 3503(a)(1)(i).

insomnia medication and cold and flu medication and fell back asleep after seeing Ray. *See id*. at 26-27. When she awoke later and found Ray still in her home, she called the police. *See id*. at 23. Ray then fled. *See id*. At the time of the incident, an active Protection from Abuse order ("PFA") barred Ray from contact with the victim. *See id*. at 13, 16. Police subsequently arrested Ray.

At trial, a jury found Ray guilty of the above-listed offense.[2] The court later sentenced Ray to one-and-one-half to three years' incarceration. Ray timely appealed.[3]

On appeal, Ray raises two issues for our review:

1. Whether the evidence presented was sufficient to support the guilty verdict of criminal trespass?

2. Whether the court erred when it denied trial counsel's motion to strike a juror for cause?

Ray's Brief at 6 (capitalization standardized).

In his first issue, Ray challenges the sufficiency of the evidence supporting his criminal trespass conviction. *See* Ray's Brief at 7-9.

Pertinently:

[w]e review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[]finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be

---

[2] The court dismissed charges of burglary and stalking.

[3] Ray and the trial court complied with Pa.R.A.P. 1925.

sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witness and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal citations and quotation marks omitted).

A person is guilty of criminal trespass as a felony of the third degree where, "knowing that he is not licensed to do so, he enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof[.]" 18 Pa.C.S.A. § 3503(a)(1)(i). An "occupied structure" is "[a]ny structure . . . or place adapted for overnight accommodation of persons . . . whether or not a person is actually present." 18 Pa.C.S.A. § 3501. Therefore, to sustain a conviction under Section 3503(a)(1), the Commonwealth must prove that a defendant entered a building or occupied structure knowing he was not licensed or privileged to do so. *See Commonwealth v. Butler*, 333 A.3d 1283, 1287 (Pa. Super. 2025). "A person acts knowingly with respect to a material element of an offense when if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist[.]" 18 Pa.C.S.A. § 302(b)(2)(i).

Ray claims there was no evidence he entered the victim's home by subterfuge, surreptitiously remained, or broke into the home, and that the

Commonwealth failed to present evidence he knew he was not licensed to enter. *See* Ray's Brief at 7-9.

The trial court found sufficient evidence to sustain Ray's conviction of Section 3503(a)(1)(i). It found an active PFA barred Ray from contact with the victim and the victim found Ray in her home without her permission, which established he entered the home knowing he was not licensed or privileged to do so. *See* Trial Court Opinion, 03/21/25, at 4.

Following our review, we determine sufficient evidence sustained Ray's conviction. The evidence and reasonable inferences therefrom show Ray entered the victim's home knowing he was not licensed or privileged to do so, as made clear by his knowledge of the active PFA barring him from contact with the victim. *See* 18 Pa.C.S.A. § 3503(a)(1)(i); *Butler*, 333 A.3d at 1289-90 (holding evidence sufficient to prove violation of Section 3503(a)(1) where appellant entered victim's bedroom without license or privilege to do so); *Commonwealth v. Thomas*, 336 A.3d 1038, 1050-51 (Pa. Super. 2025) (same).

Ray asks this Court to review the evidence in the light most favorable to himself, ignoring the victim's testimony and the validity of the PFA. *See* Ray's Brief at 8-9. His proposal contravenes our well-settled standard of review. *See Commonwealth v. Risoldi*, 238 A.3d 434, 454 (Pa. Super. 2020) (refusing to conduct sufficiency review in the light most favorable to the appellant). Ray also asserts that the PFA lacked legal effect because the

- 4 -

victim signed a bond securing his release from jail. **See** Ray's Brief at 8-9; **see also** N.T., 12/3/2024, at 13 (establishing the victim signed the bond in 2024, **after** the 2023 events that produced the conviction at issue). Contact from a victim does not void a PFA. **See, e.g.**, **Commonwealth v. Brumbaugh**, 932 A.2d 108, 110 (Pa. Super. 2007) (stating a defendant is still subject to a PFA even when a victim initiates contact with him). Both parties stipulated a PFA was in effect at the time of the offense, providing sufficient evidence Ray was on notice that he was to have no contact with the victim. **See** N.T., 12/03/24, at 16.

Ray's focus on the alleged lack of evidence he broke into the victim's house fails. **See** Ray's Brief at 8. As the trial court notes, the Commonwealth was not required to prove Ray broke into the residence to sustain Ray's conviction of criminal trespass as a third-degree felony; rather, that subsection of the statute requires only proof the accused entered the premises knowing he was not licensed or permitted to do so. **See** 18 Pa.C.S.A. § 3503(a)(1); **Butler**, 333 A.3d, at 1287. Accordingly, the **means** by which Ray entered the victim's home are irrelevant to his commission of the charged crime. Ray's argument concerning forced entry addresses a different subsection of statute, 18 Pa.C.S.A. § 3502(a)(ii), a **second-degree** felony with which he was neither charged nor convicted.

Additionally, as the Commonwealth notes, Ray's sufficiency claim is based on a credibility challenge, and asserts what is legally regarded as a

- 5 -

weight challenge. *See* Commonwealth's Brief at 10; ***Commonwealth v. Palo***, 24 A.3d 1050, 1055 (Pa. Super. 2011) (noting claims about credibility of victim's testimony challenge the weight of the evidence, not its sufficiency (internal citation omitted)); ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa. Super. 2006) (stating "[a] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed" (internal citations and quotations omitted)). Our review of the record establishes Ray did not preserve a weight claim by seeking a new trial or requesting reinstatement of his right to file a post-sentence motion for a new trial. *See* Pa.R.Crim.P. 607 (requiring a weight of the evidence claim to be raised in a motion for a new trial). Instead, he makes this assertion for the first time in this appeal, thereby waiving review. *See* Pa.R.A.P. 302(a) (stating issues raised for the first time on appeal are waived); ***Commonwealth v. Sherwood***, 982 A.2d 483, 494 (Pa. 2009) (holding a weight of the evidence claim not presented to the trial court but instead raised for the first time in a Rule 1925(b) statement is waived); ***see also Commonwealth v. Torsunov***, 2025 Pa. Super. 207, at *16-17 (Pa. Super., filed September 17, 2025) (stating "[a]n appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the

evidence issue to the trial court constitutes waiver of that claim" (internal citation omitted)).[4]

In his second issue, Ray alleges that the trial court erred when it denied defense counsel's motion to strike a juror for cause. *See* Ray's Brief at 6. As the Pennsylvania Supreme Court has stated,

> [T]he purpose of the *voir dire* examination is to provide an opportunity to counsel to assess the qualifications of prospective jurors to serve. It is therefore appropriate to use such an examination to disclose fixed opinions or to expose other reasons for disqualification. Thus[,] the inquiry must be directed at ascertaining whether the venireperson is competent and capable of rendering a fair, impartial and unbiased verdict. The law also recognizes that prospective jurors were not cultivated in hermetically sealed environments free of all beliefs, conceptions and views. The question relevant to a determination of qualification is whether any biases and prejudices can be put aside upon the proper instruction of the court.
>
> A challenge for cause to service by a prospective juror should be sustained and that juror excused where that juror demonstrates through his conduct and answers a likelihood of prejudice. The decision whether to disqualify a venireman is within the discretion of the trial court and will not be disturbed on appeal[,] absent a palpable abuse of that discretion.

---

[4] Ray's failure to present a weight claim to the trial court precludes our review. Our standard of review for a weight claim requires us to assess the trial court's exercise of discretion in reviewing such a claim, not to consider the underlying question of whether the verdict is against the weight of the evidence. *See Commonwealth v Mucci*, 143 A.3d 399, 410-11 (Pa. Super. 2016). Ray requests we re-weigh the evidence and assess the credibility of the witnesses presented at trial. We are not free to do so. *See Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact"); *Commonwealth v. Dunkins*, 229 A.3d 622, 631 (Pa. Super. 2020), *aff'd*, 263 A.3d 247 (Pa. 2021) ("the jury, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence" (internal citations omitted)).

*Commonwealth v. Ingber*, 531 A.2d 1101, 1103 (Pa. 1987) (internal

quotations and citations omitted, italics added).

> Stated another way, the test for disqualification is the juror's ability and willingness to eliminate the influence of his scruples and render a verdict according to the evidence. This determination is to be made by the trial judge based on the juror's answers and demeanor and will not be reversed absent a palpable abuse of discretion.

*Commonwealth v. Penn*, 132 A.3d 498, 502 (Pa. Super. 2016) (internal

citation and quotation marks omitted).

> Further:

> A challenge for cause should be granted when the prospective juror has such a close relationship, familial, financial, or situational, with the parties, counsel, victims, or witnesses that the court will presume a likelihood of prejudice[,] or demonstrates a likelihood of prejudice by his or her conduct and answers to questions.

*Commonwealth v. Clemat*, 218 A.3d 944, 951 (Pa. Super. 2019) (citing

*Commonwealth v. Briggs*, 12 A.3d 291, 332-33 (Pa. 2011)) (quotations

omitted).

> There are two types of situations in which challenges for cause should be granted: (1) when the potential juror has such a close relationship, be it familial, financial or situational, with parties, counsel, victims, or witnesses, that the court will presume the likelihood of prejudice; and (2) when the potential juror's likelihood of prejudice is exhibited by his conduct and answers to questions at *voir dire.* In the former situation, the determination is practically one of law and as such is subject to ordinary review. In the latter situation, much depends upon the answers and demeanor of the potential juror as observed by the trial judge and therefore reversal is appropriate only in case of palpable error.

*Commonwealth v. Kelly*, 134 A.3d 59, 61-62 (Pa. Super. 2016) (citing *Commonwealth v. Colon*, 299 A.2d 326, 327–28 (Pa. Super. 1972)) (footnotes omitted).

Ray claims the trial court should have removed a juror for cause when that juror indicated during *voir dire* he was familiar with, and knew of, the judge and/or staff in Fayette County. Ray asserts that, even absent a personal relationship with the trial court, there was a "prospect of appearance of partiality or bias." Ray's Brief at 9-10. He cites *Cordes v. Association of Internal Medicine,* 87 A.3d 829, 846–47 (Pa. Super. 2014), for the proposition that a "taint of potential conflict of interest [cannot] be cured." *See* Ray's Brief at 9-10.

*Voir dire* is aimed at ascertaining the competence of the potential juror and their capability of rendering a fair, impartial and unbiased verdict. *See Commonwealth v. Walker*, 2025 WL 2402237, at *2 (Pa. Aug. 19, 2025) (internal citations omitted). Ray asks this Court to extend *Clemat* and related caselaw to exclude from jury service venirepersons who are familiar with the trial court and staff, based solely on a perceived appearance of impropriety without any evidence of a familial, financial, or situational relationship. The trial court found the juror was able to put aside any possible biases or prejudices, did not have a personal relationship with [the c]ourt or its staff, and did not demonstrate a likelihood of prejudice by his conduct or answers to *voir dire* questions. *See* Trial Court Opinion, 03/21/25, at 6.

Thus, Ray has failed to demonstrate the court abused its discretion by declining to strike the juror for cause. The trial court and her staff were not in a close situational, familial or financial relationship with the juror and the juror said he could put aside any potential bias. *See* N.T., 12/03/24, at 5. *Cordes* is limited to cases in which a juror had such a relationship. *See Cordes*, 87 A.3d at 833. As such, *Cordes* does not support Ray's claim for relief. Accordingly, we affirm the denial of Ray's second claim.[5]

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

10/7/2025

---

[5] Although Ray raised an additional issue in his Rule 1925(b) statement, he has abandoned that issue by failing to raise it in his brief. *See Commonwealth v. Rodgers*, 605 A.2d 1128, 1239 (Pa. Super. 1992) (stating that "[w]e must deem an issue abandoned where it has been identified on appeal but not properly developed in the appellant's brief" (citation omitted)).